17326.   GISSENDANNER *v.* MACON, DUBLIN &

SAVANNAH RAILROAD CO.

That the plaintiff's husband was killed by the operation of the defendant's train could be inferred from the evidence; and where such killing is shown, a presumption arises that the defendant was negligent as alleged in the petition. A nonsuit would not be authorized in the absence of conclusive evidence that the defendant was not negligent in any manner

Railroads, 33 Cyc. p. 1068, n. 86; p. 1103, n. 29, 30; p. 1104, n. 32; p. 1105, n. 34, 36; p. 1108, n. 54.

Trial, 38 Cyc. p. 1557, n. 21; p. 1558, n. 24; p. 1559, n. 35.

alleged in the petition, or that the decedent failed to exercise ordinary care for his own safety. The evidence would have authorized a verdict for the plaintiff, and the court erred in granting a nonsuit.

DECIDED MARCH 5, 1927.

Action for damages; from city court of Macon—Judge Hall. April 5, 1926.

Application for certiorari was made to the Supreme Court.

*R. D. Feagin, J. F. Urquhart,* for plaintiff.

*Jesse Harris, Charles Akerman,* for defendant.

STEPHENS, J. Mrs. Julia Gissendanner brought suit against the Macon, Dublin & Savannah Railroad Company, to recover for the homicide of her husband, which she alleged occurred in the city of Macon, as a result of the alleged negligence of the defendant in running its train against him and throwing him under a train on a parallel track, which latter train, it was alleged, ran over and killed him. The petition alleged that it was a custom, well known to the defendant, for railroad employees, when coming off duty and going home, to ride upon freight-trains going from the railroad yards toward the city of Macon, and to alight at various crossings, including the crossing at Elm street, at which it was alleged the plaintiff's husband was killed; that he was a conductor in the employ of another railroad, and was, after coming off duty, riding toward his home in the city of Macon on a freight-train of the Georgia Railroad, and when the train upon which he was riding reached Elm street he attempted to alight, by swinging from a ladder attached to the train, and was hit by an approaching train of the defendant, backing upon a parallel track, and was knocked under the train from which he was alighting and was killed. The allegations of negligence were: that the defendant's train, just before it hit the deceased, was backing, in the dark, around a curve, with no light upon the rear end of the leading car, and with no lookout to give warning of danger and to enable the train to be stopped if any person happened to be on the track or in a position of danger; that the defendant had no back-up hose upon the train or upon the lead car in order to enable the train to be stopped instantly if an emergency should arise; that the defendant had no watchman at the crossing, and that the failure of the defendant to have a watchman at the crossing was in violation of an ordinance of the city of Macon requiring a watchman at the crossing; that the defendant was negligent in that its engineer

failed to comply with the act of the legislature (Ga. L. 1918, p. 212, section 2) which requires the engineer of a train, on approaching within four hundred yards of a crossing, to keep and maintain a constant and vigilant lookout along the track ahead of the train, and to otherwise exercise due care in approaching the crossing, in order to avoid injury to any person on the crossing or within fifty feet of the crossing; that the train was running more than fifteen miles an hour, which was in violation of an ordinance of the city of Macon limiting the speed of trains within the city to fifteen miles an hour, and that the train was also running in violation of an ordinance making it unlawful to move any train or car backwards over any street-crossing without having a guard placed upon the rear platform or the rear of the train, or without having the train furnished with proper means of giving an alarm or notice of the approach of the train when operated in such a manner; that the decedent failed to give any notice of the approach of the train to the crossing, and did not have any means provided upon the back of the train to give notice or warning, and failed to stop the train before hitting the plaintiff's husband; all of which alleged acts of negligence were alleged as proximately contributing to his death; and that he was at the time in the exercise of ordinary care and diligence, and could not have avoided the consequences to himself of the defendant's negligence.

On the trial the court, at the conclusion of the plaintiff's testimony, granted a nonsuit; to which the plaintiff excepted.

The evidence authorizes the inference that the defendant's train hit the plaintiff's husband. One of the plaintiff's witnesses, who was an employee of the defendant and who was riding upon the train which was alleged to have hit the deceased, testified: "The reason we stopped [the train], we heard a rambling noise like tin or something like that, something like the train hitting tin;" that Mr. Priester, the other railroad man upon the train, and the witness "realized that something had come in contact with our train. We heard this noise and thought that something must be wrong with our cars, or something, and we stopped." There was evidence that the deceased had in his possession a tin lunch-box. The train was stopped across the Elm-street crossing. The evidence therefore authorized the inference that the deceased was hit at the crossing. This being true, the evidence of the employee of the defend-

ant who was riding upon the rear end of the defendant's backing train, that they did not hit any one at the crossing, and that if there had been any one at the crossing he would have seen him, does not conclusively establish as a fact that no one was at the crossing and that the train did not hit any one at the crossing. A train of the Georgia Railroad was approaching on the parallel track, and the evidence authorized the inference that the plaintiff's husband rode on it to the Elm-street crossing. After the defendant's train was stopped, the body of the plaintiff's husband was found near the crossing, between the two tracks, and bore evidence of having been run over by a train. Blood was found upon a rail on the track over which the train of the Georgia Railroad had passed.

The evidence authorizes the inference that the plaintiff's husband was killed by the operation of the defendant's train, and there arises a presumption that the defendant was negligent as set out in the petition. In order to justify the grant of a nonsuit, the evidence must conclusively rebut the presumption of negligence. In so doing, the evidence must conclusively show that the defendant company was not negligent in any manner set out in the petition.

Some of the allegations of negligence the evidence conclusively rebuts. It conclusively appears, from the evidence, that the train was not exceeding the speed limit fixed by the ordinance, and it conclusively appears that there was a guard or lookout upon the rear of the train, as provided by the ordinance.

There is evidence to the effect that the body of the deceased was found about ten or fifteen feet from the crossing, in the direction in which the Georgia Railroad train was going. There is evidence that between the place where the body was found and the crossing there was blood. One of the railroad men testified that bodies when hit by trains are frequently dragged some distance. The inference is authorized that the defendant's train hit the deceased and knocked him under the approaching train, and that the latter train dragged his body to the place where it was found near the crossing. The evidence therefore authorizes the inference that the deceased was hit by the defendant's train at the crossing, or so near thereto as to render applicable the ordinances and statutes relative to the conduct of a railroad-train approaching a crossing.

There is evidence to the effect that the custom of trainmen, after completing their work, to ride home from the yards upon freight trains, was well known to the defendant. The defendant should have anticipated that railroad employees would alight from other trains at the crossing; and therefore a failure of the defendant to give warning of the approach of its train to the crossing may, as a matter of fact, under the circumstances, have been negligence. The petition alleging negligence in failing to give such a warning, and it not appearing, from the evidence, that any warning was given on approaching the crossing, the inference is authorized that in this respect the defendant was negligent. There is no evidence that the train was equipped with means for giving notice of its approach to a crossing, as required by the ordinance. The jury could also have inferred that those operating the train did not use due care in approaching the crossing, as provided by the act of the legislature referred to.

The evidence is not conclusive that the plaintiff's husband failed to exercise ordinary care for his own safety. The jury could have inferred that the defendant had not rebutted the presumption of negligence, and it was therefore error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*